## Case No. 6,445a.

### HEYE v. LIEMAN.

[8 Betts, D. C. MS. 69.]

District Court, S. D. New York.    Nov. 23, 1846.

PLEADING—MISTAKE—REPLEADER—PUIS DARREIN CONTINUANCE.

[Where, through the misapprehension or inadvertence of defendant's attorney, a mistake is made in a plea of puis darrein continuance, and not discovered until the trial, defendant will be allowed a repleader, but on condition of paying all costs, he having ample means to ascertain the proper evidence in defense.]

[This was an action at law by Herman Heye against George H. Lieman for a balance of account.]

BETTS, District Judge.    A verdict was taken in this case at the last September term, in favor of the plaintiff, for $53.85, as the balance of accounts, subject to the opinions of the court on a case to be made, and subject to an application by the defendant for a repleader.    The defendant does not now offer to argue the case, conceding that, upon the issues tried, the verdict cannot be impeached; but he moves, on affidavits and the state of pleadings, for leave to withdraw a plea of puis darrein continuance, interposed by him in November, 1845, and for a repleader.    The ground of the application for a repleader is that the defendant's attorney misapprehended the purport of a receipt or acknowledgment given him by the plaintiff, written in the German language.    He pleaded a full account and satisfaction of the debt, after suit brought, by the delivery of certain bills of exchange to the plaintiff, referred to in that receipt.    He now alleges it was discovered on the trial that the said acknowledgment did not amount to a present accord and satisfaction, but admitted the deposit of the bills of exchange with the plaintiff to be in satisfaction of the debt when paid.    The motion is therefore to change the form of the pleading so as to present the defence in this new aspect.

The plaintiff relies upon various English authorities as settling the doctrine that a repleader cannot be allowed after plea puis darrein continuance.    Brown, Abr. "Repleader," B. N. P. 309; Cro. Eliz. 49; 1 Chit. Pl. 638; Bac. Abr. "Repleader," M, 2.    And it will not be granted unless the first issue is immaterial (2 Saund. 319, note 6; 1 Ld. Raym. 167; Willes, 532), or in favor of a party making the first default (1 Ld. Raym. 170).    The practice of the United States courts under the powers incident to them and the spirit of the 32d section of the judiciary act of 1789 [1 Stat. 91] has been of a more liberal charac-

ter in respect to amendments than is the usage of the English common law courts, or courts pursuing closely their system of practice.    Smith v. Jackson [Case No. 13,065].    The exercise of the power, when not restrained by positive rules, is regarded as resting wholly in the discretion of the courts.    [Mandeville v. Wilson] 5 Cranch [9 U. S.] 15; [U. S. v. Buford] 3 Pet. [28 U. S.] 12; [Jackson v. Ashton] 10 Pet. [35 U. S.] 480; Calloway v. Dobson [Case No. 2,325]; Smith v. Jackson [supra].    Courts will not scrutinize the necessity or utility of a proposed amendment, farther than to see that it is not frivolous. 4 Cowen, 555.    In view of the ordinary practice of the United States courts on this subject, I think the defendant ought not to be excluded from the privilege of an amendment.    If the misapprehension or inadvertency of his attorney might have been corrected with due diligence before trial, that circumstance should not operate as an absolute interdiction of relief to the party himself.    He must, however, expect, when he asks favors under circumstances like the present, and where his own proceedings have imposed great delay and cost on the opposite party, to find the terms on which relief will be granted more rigorous than in ordinary applications.    After his plea of puis darrein continuance, and the return of the commission sent abroad under it, several terms elapsed before the actual trial, so that not only the plaintiff was further delayed in his proceeding, but the defendant had the most ample means of ascertaining precisely what evidence he could give in support of his plea.    The defendant is allowed to amend his plea puis darrein continuance, on the payment to the plaintiff of all the costs which have accrued since that plea was interposed, and on such payment of costs the verdict will be set aside, and a new trial awarded.    If the costs are not paid within twenty days after notice of this order, let final judgment be entered on the case for the plaintiff, with costs to be taxed.